John OSANITSCH, Plaintiff–Appellant,

v.

MARCONI PLC, Defendant–Appellee.

No. 06–15437.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 16, 2008.

Filed May 29, 2008.

Timothy D. Murphy, The Law Offices of James Jay Seltzer, Emeryville, CA, for Plaintiff–Appellant.

Alan W. Tamarelli, Jr., Harold H. Davis, Jr., Kirkpatrick & Lockhart, Preston, Gates, Ellis, LLP, San Francisco, CA, for Defendant–Appellee.

Before: RYMER and BEA, Circuit Judges, and DUFFY,* Senior District Judge.

## MEMORANDUM **

John Osanitsch sued Marconi, PLC and its subsidiary, Marconi Acquisition Sub., Inc., in Sonoma County Superior Court. Marconi removed the action to the Northern District of California. Osanitsch moved to remand, which the district court denied, and Marconi moved to dismiss based on an injunction previously entered by the Bankruptcy Court for the Southern District of New York pursuant to 11 U.S.C. § 304, which the district court granted. Osanitsch appealed. We vacate the dismissal order, and remand.

While the district court correctly resolved one of the jurisdictional issues before it—whether the injunction itself precluded Marconi from removing or made its removal premature—the court did not explicitly determine whether the removal petition was timely in light of when, and upon whom, service was effected. As Marconi acknowledged at oral argument, the record is not fully developed on this point. The issue also appears to be fact-dependent and may present a novel question of which rule, the first-served rule or the last-served rule, is applicable. Accordingly, to facilitate appellate review, and because the district court is in a better position to address these matters in the first instance, we remand for it to make a definitive ruling on the timeliness of removal and, thus, on its jurisdiction.[1]

As federal jurisdiction is not yet settled, we decline to give an advisory opinion on the propriety of the dismissal. Without expressing any view on the merits, however, we must vacate the order as it is not clear there was jurisdiction when it was entered.

During the pendency of this appeal, as contemplated by the district court, Osanitsch requested relief from the bankruptcy court having jurisdiction over the § 304 proceeding. That court ultimately entered an order which may, or may not, have an effect on whether a live controversy continues with respect to the dismissal order, and as to its validity. If the district court determines that jurisdiction was timely in-

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We do not understand there to be any dispute over the presence of diversity or the adequacy of the amount in controversy.

voked, we leave it to the parties to assert in district court whatever position with respect to supervening events they believe is appropriate.

VACATED AND REMANDED.